Ariadne Panagopoulou (AP - 2202)
Pardalis & Nohavicka, LLP
3510 Broadway, Suite 201
Astoria, NY 11106
Telephone: (718) 777-0400
Facsimile: (718) 777-0599
*Attorneys for the Plaintiff*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Nikolaos Grigoriou, *on behalf of himself and*
*others similarly situated,*                )  Civil Case No.:
                                            )
*Plaintiff*,                                )
                                            )
                -v-                         )  **FLSA COLLECTIVE ACTION**
                                            )  **COMPLAINT**
ELYSIAN NY CORP. d/b/a Feta Bar and         )
Grill, Konstantinos Manasakis, and Stacy    )
Pucillo, *jointly and severally,*           )
                                            )
*Defendants.*                               )
                                            )
                                            )
_____        )

### NATURE OF THE ACTION

1.      Plaintiff Nikolaos Grigoriou ("Plaintiff"), brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et. seq.* in order to remedy Defendants' wrongful withholding of Plaintiff's lawfully earned wages, overtime compensation, and their continuous and frequent late payments. Plaintiff also brings these claims under New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq.*, and Article 19 §§ 650 *et seq.* as well as the supporting New York State Department of Labor Regulations for violations of minimum wages, overtime wages, spread-of-hours pay, late payments of wages and failure to provide wage notices and wage statements. Finally, Plaintiff brings a claim for breach of contract.

**SUMMARY**

2.      Plaintiff was employed by Defendants, ELYSIAN NY CORP. d/b/a Feta Bar and Grill, Konstantinos Manasakis ("Manasakis"), and Stacy Pucillo ("Pucillo") from January 2016 to August 8, 2016.

3.      Defendants have repeatedly deprived Plaintiff of his minimum and overtime compensation, and his spread-of-hours pay.

4.      Plaintiff was hired by Defendants at some point in January 2016 to help prepare the opening of their restaurant. For a period of approximately two months, Plaintiff worked for an average of 30 hours per week without receiving any compensation at all.

5.      On March 3, 2016, Defendants made a verbal agreement with Plaintiff that Plaintiff would be compensated at a rate of $1,500 per week from that date onwards.

6.      From March 3, 2016 to August 8, 2016, Plaintiff worked 80 hours per week or more. However, he only received a total of $16,730 for all his work during this period which was paid at varying amounts at infrequent and irregular intervals.

7.      Plaintiff is still owed a substantial sum of money which remains due on this date.

8.      Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

9.      As a result of Defendants' actions, Plaintiff has suffered great hardship and damages.

10.      Defendants' conduct extended beyond Plaintiff to many other similarly situated employees who were paid below minimum wage and were not paid at an overtime rate for all

the hours they worked above 40 hours per week. Plaintiff seeks certification of his FLSA claims as a collective action on behalf of himself individually and those other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

### Federal Question Jurisdiction and Supplemental Jurisdiction

11.     This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the civil action herein arises under the laws of the United States, namely, the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. Additionally, this Court also has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).

### Personal Jurisdiction

12.     This Court may properly maintain personal jurisdiction over Defendants under Rule 4 of the Federal Rules of Civil Procedure because Defendants' contacts with this state and this judicial district are sufficient for exercise of jurisdiction over Defendants so as to comply with traditional notions of fair play and substantial justice.

### Venue

13.     Venue is proper in the Southern District of New York under 8 U.S.C. §§ 1391 (b) (1) and (2) because Defendants reside and conduct business in this judicial district and because a substantial part of the acts or omissions giving rise to the claims set forth herein occurred in this judicial district.

## THE PARTIES

### Plaintiff

### Nikolaos Grigoriou

14.     Plaintiff Nikolaos Grigoriou ("Grigoriou") is an adult individual residing in the state of New York, County of Queens.

15.     Grigoriou is a covered employee within the meaning of the FLSA, 29 U.S.C. § 203(e) and the NYLL § 190.

16.     Grigoriou was employed at ELYSIAN NY CORP. d/b/a Feta Bar and Grill owned by Defendants, located at 1436 Lexington Avenue, New York, NY 10128.

17.     Grigoriou was hired by Defendant Manasakis on January 2016 to help open Defendants' restaurant. As part of his duties, he ordered equipment, picked up plates, arranged fire equipment, and train the restaurant's personnel. He also created the menu, ordered silverwear and created all the recipes. He was also involved in cooking, scheduling workers, arranging and ordering supplies, and doing anything else Defendants Manasakis and Pucillo instructed him to do.

18.     Gregoriou worked for Defendants until August 8, 2016.

19.     For the months of January and February 2016, Grigoriou worked around 30 hours per week and did not get paid at all for his services.

20.     The understanding was that if Plaintiff assisted with the preparation and opening of the restaurant, Plaintiff would be named as part-owner of the restaurant and receive part of its equity.

21.     The restaurant opened for the public on March 3, 2016. However, Defendants refused to enter into any sort of partnership and/or shareholder agreement with the Plaintiff.

22.     Instead, on March 3, 2016, Plaintiff made a verbal agreement with Defendant Manasakis whereby Plaintiff would get compensated an amount of One Thousand, Five Hundred Dollars ($1,500) per week for the all the work he performed for the restaurant from that date onwards.

23.     However, despite such an arrangement, Plaintiff was never paid such an amount

or any other amount at a regular interval.

24.    Instead, Plaintiff received various payments at different intervals ; namely $3,500 on April 10, 2016, $5,000 on May 6, 2016, $5,000 on July 13, 2016, $780 on July 28, 2016, $150 on August 1, 2016, and $2,300 on August 24, 2016, totaling $16,730. No other payments were made to Plaintiff after this date.

25.    All payments were made in cash by either Defendant Manasakis or Defendant Pucillo. The payments were made after repeated reminders to Defendants Manasakis and Pucillo that he needed to be paid for his work.

26.    From March 3, 2016 to April 2016, Plaintiff worked approximately 90 to 100 hours per week. Grigoriou would arrive at the restaurant around 10:00 a.m. each morning and leave at around 11:00 p.m. or 12:00 p.m. each day for seven days per week.

27.    From in or around April 2016 until the end of his employment, he worked around 80 hours per week. Grigoriou would arrive at the restaurant around 10 a.m. each morning and leave around 10:00 p.m. each day for seven days per week.

28.    Grigoriou regularly handled goods in interstate commerce, such as food and liquor imported from outside the State of New York.

29.    Throughout this entire period, Grigoriou was not paid at regular intervals for his hours worked.

30.    Plaintiff was never paid overtime for all hours he worked above 40 hours per week.

31.    Plaintiff was never paid spread-of-hours pay for all days in which his shift exceeded 10 hours per week.

32.    As a result of non-payment, he was forced to quit his employment.

33.     Ever since his resignation, he repeatedly asked both Defendant Manasakis, and Defendant Pucillo to be paid his wages due as promised but he was never paid the agreed-upon amount.

34.     Grigoriou was not provided with a notice containing the rate and basis of his pay; the designated pay date; and the employer's name, address and telephone number at the time of hiring or at any point thereafter.

35.     Grigoriou was never provided with wage statements detailing dates worked, money received and the employer's details at any point during the time of his employment with Defendants.

36.     Upon information and belief, while Defendants employed Grigoriou, they failed to post notices explaining the minimum wage rights of employees under the FLSA and NYLL and failed to inform Grigoriou of such rights.

37.     Grigoriou consented in writing to be a party to the FLSA claims in this action, pursuant to 29 U.S.C. §216(b).

### Defendants

38.     At all relevant times, Individual and Corporate Defendants were joint employers of Plaintiff, acted in the interest of each other with respect to the restaurant's employees, and had common policies and practices as to wages and hours, pursuant to 29 C.F.R. § 791.2. Factors indicating joint employment include:

    a.    Defendants all suffered or permitted Plaintiff to work.

    b.    Each of the Defendants acted directly or indirectly in the interest of one another in relation to Plaintiff and similarly situated employees.

    c.    Defendants each have an economic interest in Corporate Defendant in which

Plaintiff and similarly situated employees worked.

d.    Defendants all simultaneously benefitted from Plaintiff's work.

e.    Defendants each had functional and/or formal control over the terms and conditions of work of Plaintiff and similarly situated employees.

f.    Plaintiff and similarly situated employees performed work integral to Corporate Defendant's operation.

39.    In the alternative, Defendants functioned together as a single integrated employer of Plaintiff within the meaning of the FLSA and NYLL.

**(Corporate Defendant)**

**ELYSIAN NY CORP.**

40.    ELYSIAN NY CORP ("ELYSIAN") is a domestic corporation formed on December 7, 2015, organized and existing under the laws of the State of New York.

41.    ELYSIAN owns and operates Feta Bar and Grill, a restaurant with a bar, serving Greek inspired cuisine to restaurant patrons. Its principal place of business is located at 1436 Lexington Ave, New York, NY 10128.

42.    Feta Bar and Grill is open seven days per week for ten to fourteen hours per day. It employs numerous full-time employees and also performs food deliveries throughout New York City.

43.    At all relevant times, ELYSIAN was a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and the NYLL § 190.

44.    At all relevant times, ELYSIAN maintained control, oversight, and direction over the Plaintiff, including timekeeping, payroll and other employment practices that applied to him.

45.    At all relevant times, ELYSIAN was "an enterprise engaged in commerce"

within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A) because its employees were handling food and drinks imported from out of state, and particularly Greece, and distributed in New York. For example, feta, a salty Greek cheese made from goat milk, which inspired the trade name Feta Bar and Grill, was imported from Greece. In addition, ELYSIAN conducted business with vendors and other businesses outside the state of New York and engaged in credit card transactions involving banks and other institutions outside the state of New York.

46.     Upon information and belief, at all relevant times, ELYSIAN's annual gross volume of sales made, or business done, was not less than $500,000.00, exclusive of separate retail excise taxes, within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(a)(ii).

**(Individual Defendants)**

**Konstantinos Manasakis**

47.     Upon information and belief, at all relevant times, Konstantinos Manasakis ("Manasakis") was a co-owner, principal, authorized operator, manager, shareholder and/or agent of Corporate Defendant.

48.     At all relevant times throughout Plaintiff's employment, Manasakis had the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendant, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting Plaintiff's schedule; negotiating Plaintiff's rate of pay; instructing, supervising and training Plaintiff; and otherwise controlling the terms and conditions for the Plaintiff while he was employed by Defendants.

49.     At all relevant times throughout Plaintiff's employment, Manasakis was actively involved in the day-to-day operations of the Corporate Defendant.

50.     At all relevant times throughout Plaintiff's employment, Manasakis was a

8

"covered employer" within the meaning of the FLSA and the NYLL, and employed or jointly employed Plaintiff, and is personally liable for the unpaid wages sought herein, pursuant to 29 U.S.C. § 203(d).

**Stacy Pucillo**

51.     Upon information and belief, at all relevant times, Stacy Pucillo ("Pucillo") was a co-owner, principal, authorized operator, manager, shareholder and/or agent of Corporate Defendant.

52.     At all relevant times throughout Plaintiff's employment, Pucillo had the discretionary power to create and enforce personnel decisions on behalf of the Corporate Defendants, including but not limited to: hiring and terminating employees; setting and authorizing issuance of wages; maintaining employee records; setting employees' schedule; instructing, training and supervising employees; and otherwise controlling the terms and conditions for Corporate Defendant's employees.

53.     Upon information and belief, Defendant Manasakis consulted with Pucillo before Defendant Manasakis formally hired Plaintiff and made an agreement with him as to his rate of pay.

54.     At all relevant times throughout Plaintiff's employment, Pucillo was actively involved in the day-to-day operations of the Corporate Defendant, and was in charge of its finances.

55.     At all relevant times throughout Plaintiff's employment, Pucillo was a "covered employer" within the meaning of the FLSA and the NYLL, and employed or jointly employed Plaintiff, and is personally liable for the unpaid wages sought herein, pursuant to 29 U.S.C. § 203(d).

**COLLECTIVE ACTION ALLEGATIONS**

56.     Pursuant to 29 U.S.C. §§ 203, 206, 207, and 216(b), Plaintiff brings his First and Second Causes of Action as a collective action under the FLSA on behalf of himself and the following collective:

> All persons employed by Defendants at any time since March 6, 2014, and
>
> through the entry of judgment in this case (the "Collective Action Period")
>
> who worked as non-exempt employees (the "Collective Action Members").

57.     A collective action is appropriate in these circumstances because Plaintiff and the Collective Action Members are similarly situated, in that they were all subject to Defendants' illegal policies of failing to pay minimum wage for all hours worked and overtime premiums for work performed in excess of forty (40) hours each week.

58.     Despite slight variations in duties or payment structure, the minimum wage and overtime claims of the Plaintiff stated herein are similar to those of the other employees.

**FIRST CAUSE OF ACTION**

**Fair Labor Standards Act – Minimum Wages**

59.     Plaintiff, on behalf of himself and the Collective Action Members, realleges and incorporates by reference the allegations made in all preceding paragraphs as if fully set forth herein.

60.     At all relevant times, Plaintiff and the Collective Action Members were employees and employed by Defendants within the meaning of the FLSA, 29 U.S.C. § 203(d), (e)(1), and (g).

61.   At all times relevant, Defendants have been employers of Plaintiff and the Collective Action Members, and were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 203 (s)(1) and 206 (a).

62.   Defendants were required to pay directly to Plaintiff, and the Collective Action Members, the applicable Federal minimum wage rate for all hours worked pursuant to 29 U.S.C. § 206.

63.   Defendants failed to pay Plaintiff, and the Collective Action Members, their earned minimum wages for all hours worked to which they were entitled to under the FLSA.

64.   In fact, Defendants did not pay the Plaintiff at all for his hours worked in January and February 2016.

65.   As a result of Defendants' violations of the FLSA, Plaintiff and the Collective Action Members have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, reasonable attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

66.   Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware, or should have been aware, that the practices described in this Complaint were unlawful.

67.   Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiff and the Collective Action Members.

68.   Defendants failed to post or keep posted conspicuous notices of Plaintiff's rights as required by the U.S. Department of Labor pursuant to 29 C.F.R. § 516.4, further evincing Defendants' lack of good faith.

69.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255(a).

## SECOND CAUSE OF ACTION

### Fair Labor Standards Act – Unpaid Overtime Wages

70.    Plaintiff and the Collective Action Members reallege and incorporate by reference the allegations made in all preceding paragraphs as if fully set forth herein.

71.    The overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207 (a)(1) and the supporting federal regulations, apply to Defendants and protect Plaintiff and the Collective Action Members.

72.    Defendants have failed to pay Plaintiff and the Collective Action Members overtime wages at a rate of one and one-half times the regular rate at which they were employed for but under no instance less than one and one-half times the statutory minimum wage for all of the hours that they worked in excess of forty (40) hours per workweek.

73.    As a result of Defendants' violations of the FLSA, Plaintiff and the Collective Action Members have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216 (b).

## THIRD CAUSE OF ACTION
### Fair Labor Standards Act – Late payment of wages

74.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

75.    The FLSA, 29 U.S.C. § 206(a), the supporting Federal regulations including but not limited to 29 C.F.R. §§ 553.224, 778.106, and 790.21 and its interpreting case law including

*Rogers v. City of Troy, N.Y.,* 148 F.3d 52, 55 (2d Cir. 1998) require employers to pay employees their wages promptly.

76.    In particular, Defendants were required to establish a fixed work period with respect to the payment of Plaintiff and to pay him on the regular pay day for the period in which the workweek ended and, in no event, delay compensation for a period longer than reasonably necessary.

77.    Defendants have violated the FLSA, 29 U.S.C. 206(a) and the supporting federal regulations by consistently and repeatedly failing to pay Plaintiff his wages at the regular pay day as required.

78.    Defendants' violation of the FLSA was willful and intentional since Plaintiff had repeatedly addressed the issue of delayed payments to Defendants on multiple occasions.

79.    Due to Defendants' failure to pay Plaintiff his required compensation for any workweek at the regular pay day, Plaintiff has suffered damages and is entitled to an amount of liquidated damages equal to the amount of the late payments, as well as, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

## FOURTH CAUSE OF ACTION
### New York Labor Law – Minimum Wage

80.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

81.    Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Complaint.

82.   At all relevant times referenced herein, Plaintiff had been an employee of Defendants, and Defendants have been employers of Plaintiff within the meaning of the NYLL §§ 190, 651 (5), 652, and the supporting New York State Department of Labor Regulations.

83.   The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants, and protect Plaintiff.

84.   From December 31, 2015 to December 30, 2016, the minimum hourly wage in the State of New York was $9.00 pursuant to NYLL § 652 and the New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142-2.1.

85.   Defendants were required to pay Plaintiff no less than the applicable statutory minimum wage for all hours worked under the NYLL § 652 and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142-2.1.

86.   Defendants did not pay Plaintiff any wages for the time period from January, 2016 to February 2016.

87.   Through their knowing and intentional failure to pay wages to Plaintiff at the minimum wage rate, Defendants have violated the NYLL Article 19, §§ 650 *et seq*., and 12 N.Y.C.R.R. Part 142-2.1.

88.   Defendants also failed to post conspicuous notices of the Plaintiff's rights under the law, as required by the NYLL § 661 and the New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142-2.8, further evincing Defendants' lack of good faith.

89.   Defendants' failure to pay Plaintiff at least at minimum wage was willful within the meaning of NYLL § 663.

90.   Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, liquidated damages as provided for by the NYLL,

reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

## FIFTH CAUSE OF ACTION

### New York Labor Law – Unpaid Overtime Wages

91.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

92.    The overtime wage provisions as set forth in NYLL §§ 190 *et seq.* and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

93.    Defendants have failed to pay Plaintiff at an overtime rate which he was entitled to at a wage rate of one and one-half times his regular rate of pay but under no instance less than one and one-half times the statutory minimum wage as defined by the New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142-2.2.

94.    Through their knowing or intentional failure to pay Plaintiff proper overtime wages for hours worked in excess of forty (40) hours per workweek, Defendants have violated the NYLL §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

95.    Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of NYLL § 663.

96.    Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants their unpaid overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

## SIXTH CAUSE OF ACTION

### New York Labor Law – Spread-of-Hours Pay

64.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

65.     The spread-of-hours provisions as set forth in NYLL §§ 190 *et seq.* and the supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

66.     Defendants have failed to pay Plaintiff spread-of-hours compensation of one hour's pay at the basic minimum hourly wage rate for each day during which Plaintiff worked a shift exceeding ten (10) hours, as defined by the New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142-2.4.

67.     Through their knowing or intentional failure to pay Plaintiff spread-of-hours compensation, Defendants have willfully violated the NYLL §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

68.     Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants his unpaid spread-of-hours pay, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest, pursuant to NYLL § 198 (1-a).

## SEVENTH CAUSE OF ACTION

### New York Labor Law- Late Payments  and Unpaid Straight Wages

97.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

98.    Defendants were required to pay Plaintiff weekly for the time period of March 3, 2016 to August 8, 2016, in accordance with the verbal agreement made between Defendants and Plaintiff, and in any event, not less frequently than semi-monthly, on regular pay days designated in advance by Defendants pursuant to NYLL § 191(1)(d).

99.    Defendants have violated NYLL § 191(1)(d) by consistently and repeatedly failing to pay Plaintiff his wages at the agreed upon weekly date as required.

100.    Defendants have further violated NYLL § 191(3) which requires employers to pay an employee's wages  not later than the regular pay day after termination of employment has occurred.

101.    Defendants' violation of the NYLL was willful and intentional since Plaintiff had repeatedly addressed the issue of delayed payments to Defendants on multiple occasions.

102.    To date, Plaintiff is still owed considerable sums of money from Defendants.

103.    Due to Defendants' failure to pay Plaintiff his required compensation at the agreed upon weekly date, Plaintiff has suffered damages and is entitled to an amount of all unpaid wages due, liquidated damages equal to the amount of the unpaid wages, liquidated damages amounting to all of Defendants' late payments, pre-judgment and post-judgment interest, attorneys' fees, and costs pursuant to NYLL § 198(1-a).

**EIGHTH CAUSE OF ACTION**

**New York Labor Law– Failure to Provide Notice at the Time of Hiring**

104.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

105.    Defendants have failed to provide Plaintiff at the time of hiring or at any point thereafter, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift,

day, week, salary, piece, commission, or other; the regular pay day designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and anything otherwise required by law, in violation of NYLL § 195(1).

106. Due to Defendants' violations of the NYLL § 195(1), Plaintiff is entitled to recover from Defendants statutory damages of Fifty dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-b).

## NINTH CAUSE OF ACTION

### New York Labor Law– Failure to Provide Wage Statements

107. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

108. Defendants have failed to provide Plaintiff with wage statements listing his rate of pay; basis of pay; the period covered; and overtime pay, in violation of NYLL § 195(3).

109. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-d).

## TENTH CAUSE OF ACTION

### New York State Common Law - Breach of contract

110. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

111.    An enforceable agreement existed between Plaintiff and Defendants whereby Plaintiff agreed to perform work for Defendants and, in turn, be remunerated at a rate of One Thousand, Five Hundred Dollars ($1,500) per week for all hours worked from March 3, 2016 onwards.

112.    Plaintiff satisfactorily performed work for Defendants from March 3, 2016 to August 8, 2016, thereby performing fully his obligations under the agreement.

113.    Defendants did not remunerate Plaintiff for all the work he performed at the agreed-upon weekly rate; instead, they paid him a total of $16,730 at varying and infrequent intervals, which represents only a fraction of the money owed to him for this period of time. Therefore, Defendants breached the agreement.

114.    As a direct result of Defendants' breach, Plaintiff sustained damages in an amount to be determined at trial based upon an accounting of the amount Plaintiff should have been paid as contemplated by his employment agreement with Defendants minus the amount actually paid to Plaintiff, with an award of interest, costs, disbursements, and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief:

A.    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative collective action members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiff in the FLSA claims in this action;

B.    Issuance of a declaratory judgment that the practices complained of in this complaint are unlawful under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* New

York Labor Law, Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

C.      Unpaid minimum wages and overtime pay under the FLSA and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) and the supporting United States Department of Labor regulations;

D.      Liquidated damages equal to the amount of all late payments received by Plaintiff, pursuant to 29 U.S.C. § 216(b) and 29 C.F.R. § 790.21;

E.      Unpaid minimum and overtime wages, and spread-of-hours pay under NYLL, and an additional and equal amount as liquidated damages pursuant to NYLL § 198(1-a) and § 663(1);

F.      Unpaid straight wages for the time period of March 3, 2016 to August 8, 2016, and an additional and equal amount as liquidated damages pursuant to NYLL § 198(1-a);

G.      Liquidated damages equal to the amount of all late payments received by Plaintiff, pursuant to NYLL § 198 (1-a);

H.      Civil penalties of One Thousand One Hundred Dollars ($1,100) for each of Defendants' willful and repeated violations of the FLSA pursuant to 29 U.S.C. § 216(b);

I.      An award of statutory damages for Defendants' failure to provide Plaintiff with a wage notice at the time of hiring pursuant to NYLL § 198 (1-b);

J.      An award of statutory damages for Defendants' failure to provide Plaintiff with wage statements pursuant to NYLL § 198 (1-d);

K.      Compensatory damages due to Defendants' breach of contract in an amount to be determined at trial;

L.      A permanent injunction requiring Defendants to pay all statutorily required wages pursuant to the FLSA and NYLL;

M.      If liquidated damages pursuant to FLSA, 29 U.S.C. § 216(b), are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

N.      An award of pre-judgment interest of nine per centum per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

O.      An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

P.      An award of attorney's fees, costs, and further expenses up to fifty dollars, pursuant to 29 U.S.C. § 216(b), and NYLL §§ 198 and 663(1);

Q.      Such other relief as this Court shall deem just and proper.


Dated:  Astoria, New York
        March 6, 2017


                                        Respectfully submitted,
                                        **PARDALIS & NOHAVICKA, LLP**


                                By:     ____/s/Ariadne Panagopoulou_____
                                        Ariadne Panagopoulou (AP-2202)
                                        *Attorneys for the Plaintiff*
                                        35-10 Broadway, Suite 201
                                        Astoria, New York 11106
                                        Tel: 718.777.0400 | Fax: 718.777.0599
                                        Email:  ari@pnlawyers.com